The UNITED STATES of America, Plaintiff,

v.

Neville ANTHONY, Defendant.

No. CV 89–1351.

United States District Court, E.D. New York.

Nov. 22, 1989.

---

Andrew J. Maloney, U.S. Atty. by Christopher G. Lehmann, Asst. U.S. Atty., Brooklyn, N.Y., for plaintiff.

Martin & Molinari by John E. Molinari, Freeport, N.Y., for defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

In this action the United States ("plaintiff") seeks to enforce an administrative order of the Secretary of Health and Human Services ("Secretary" or "HHS") which granted plaintiff judgment on its claim of $60,660.00. Defendant Neville Anthony, M.D. ("defendant") was assessed that amount as a civil penalty, pursuant to 42 U.S.C. Section 1320a–7a(a), for making false claims to the government for reimbursements of medical expenses. Currently before the Court is plaintiff's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons stated below, plaintiff's motion is granted.

## I. BACKGROUND

In 1982 defendant was a physician practicing medicine in California, and was participating in Medi–Cal, California's Medicaid program. In October of 1984, defendant was convicted in California state court on fifteen counts of filing false Medi–Cal claims in violation of California state law. More specifically, defendant had submitted thirty-three claims during the period June and July 1982, and was subsequently sentenced to a two thousand dollar fine, a penalty assessment of twelve hundred dollars and two years probation. Thereafter, defendant was notified by a Deputy Assistant Inspector General ("IG") of HHS that the Department, pursuant to 42 U.S.C. Section 1320a–7a(a), was proposing imposition of a civil monetary penalty of $60,000 and an assessment of $660, in addition to a ten year exclusion from participation in Medicare and Medicaid programs.

Following the above-mentioned notification, an Administrative Law Judge ("ALJ") of the HHS Appeals Board ordered a default judgment for the full $60,660 against defendant. In his order, the ALJ noted that HHS' motion for default judgment had not been opposed by the defendant. In particular, the ALJ opined that: (1) defendant had not complied with the regulatory requirements and orders during the pendency of the proceeding; (2) defendant had not "meaningfully participated" in the action; (3) defendant's failure to participate constituted a failure to defend the action; and (4) that default judgment against defendant for the penalty and assessment of $60,660 was reasonably related to the "severity and nature" of defendant's failure to defend. Order of Administrative Law Judge Steven T. Kessel, No. C–44, dated Nov. 15, 1988 [hereinafter ALJ's decision].

By letter dated December 23, 1988, defendant was notified by the IG that, pursuant to the default judgment rendered by the ALJ, the full $60,660 was due and owing. It was also pointed out in that notification that by virtue of defendant's failure to file a written exception to the ALJ's decision within thirty days from its receipt, the decision became final and binding on the parties as of December 22, 1988. *See* 42 C.F.R. 1003.125(d). On April 26, 1989, plaintiff commenced this action and presently seeks summary judgment on its claim for the full amount. Defendant raises two arguments in opposition to the summary judgment motion. First, defendant argues that plaintiff's action violates the Double Jeopardy Clause of the Fifth Amendment. Second, defendant asserts that the administrative action taken by HHS is time barred under the governing regulations. *See* 42 C.F.R. Section 1003.-132. The Court will address each of defendant's arguments separately.

## II. DOUBLE JEOPARDY

Defendant's assertion that the imposition of civil penalties in the present case violates the Double Jeopardy Clause is based solely on the recent Supreme Court case of *United States v. Halper*, —— U.S. ——, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989). In that case, the Supreme Court addressed the issue of a defendant sued for civil penalties by the United States government, as in the case at bar; however, in *Halper* the defendant had been convicted and sentenced in a previous criminal proceeding brought by the United States. The *Halper* Court ruled that when civil penalties are sought subsequent to a criminal conviction, the amount of the penalties in excess of the government's remedial damages and actual costs may be violative of the Double Jeopardy Clause. *Halper*, 109 S.Ct. at 1901. Plaintiff in the case at bar points out that the *Halper* decision involved the federal government in both proceedings, and further asserts that the fact that the previous criminal prosecution in this case involved the State of California triggers application of the dual sovereignty doctrine. This Court agrees.

■ The dual sovereignty doctrine was set forth by the Supreme Court in *United States v. Lanza*, 260 U.S. 377, 43 S.Ct. 141, 67 L.Ed. 314 (1922). In that case, the court stated that "the Fifth Amendment, like all the other guaranties in the first eight amendments, applies only to proceedings by the federal government, ... and the double jeopardy therein forbidden is a second prosecution under authority of the federal government after a first trial for the same offense under the same authority." 260 U.S. at 382, 43 S.Ct. at 142. When it later addressed the same issue, the Second Circuit noted that although the "concept of dual sovereignty is firmly established, ... the doctrine is not unqualified." *United States v. Russotti*, 717 F.2d 27, 31 (1983), *cert. denied*, 465 U.S. 1022, 104 S.Ct. 1273, 79 L.Ed.2d 678 (1984). The Court in *Russotti* pointed out that the dual sovereignty doctrine was restricted to the degree that a state prosecution was "used merely as a cover and a tool of federal authorities." 717 F.2d at 31 (quoting *United States v. Aleman*, 609 F.2d 298, 309 (7th Cir.1979), *cert. denied*, 445 U.S. 946, 100 S.Ct. 1345, 63 L.Ed.2d 780 (1980)). In the case at bar there is nothing to suggest such a scenario between the federal and state authorities. Consequently, the dual sovereignty doctrine does apply and there is no double jeopardy claim. *See Abbate v. United States*, 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959); *United States v. Russotti*, 717 F.2d 27 (1983), *cert. denied*, 465 U.S. 1022, 104 S.Ct. 1273, 79 L.Ed.2d 678 (1984).

As a final point on this issue, the Supreme Court in *Halper* stated that "[n]othing in today's ruling precludes the government from seeking the full civil penalty against a defendant who previously has not been punished for the same conduct, even if the civil sanction imposed is punitive. In such a case, the Double Jeopardy Clause simply is not implicated." *Halper*, 109 S.Ct. at 1903. Accordingly, the penalties imposed on the defendant in the instant case cannot be disturbed on double jeopardy grounds.

## III. STATUTE OF LIMITATIONS

Defendant's only other point with respect to the summary judgment motion is that the administrative action commenced by the HHS was time barred by the applicable regulations. Specifically, defendant asserts that, pursuant to 42 C.F.R. Section 1003.132, HHS must initiate an action within five years from the date the right of action accrues. There is no dispute between the parties as to the facts that the events giving rise to the administrative action occurred between June 1, 1982 and July 9, 1982, and that the administrative action was commenced on June 1, 1988.

■ Plaintiff correctly contends, pursuant to 42 U.S.C. Section 1320a–7a(e), that defendant should have raised this as a defense before an administrative tribunal or on appeal to the Second Circuit as provided by statute. *See* 42 U.S.C. Section 1320a–7a(e). The law allows for a direct review by the Court of Appeals for a person adversely affected by the Secretary's determination if such appeal is taken "within sixty days following the date the person is notified of the Secretary's determination." *Id.* As plaintiff points out, defendant did not follow this procedure. Furthermore, 42 U.S.C. Section 1320a–7a(g) specifically states that "[m]atters that were raised or that could have been raised in a hearing before the Secretary or in an appeal pursuant to subsection (e) of this section may not be raised as a defense to a civil action by the United States to collect a penalty, assessment, or exclusion under this section." *Id.*

■ As indicated above, this Court was not intended to be the forum in which defendant could raise his time bar objection. *See* 42 U.S.C. Section 1320a–7a(g). However, even if it were, plaintiff correctly asserts that the Secretary has six years from the underlying act within which to commence an action, pursuant to 42 U.S.C. Section 1320a–7a(c)(1), and not the five year period which defendant claims. Consequently, this Court rejects defendant's argument that plaintiff's actions are time-barred.

## CONCLUSION

This Court thus concludes that plaintiff's actions are neither violative of the Double Jeopardy Clause nor time barred by statute, and that there is no genuine issue of material fact remaining. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Donahue v. Windsor Locks Board of Fire Commissioners*, 834 F.2d 54 (2d Cir.1987). Accordingly, plaintiff's motion for summary judgment is granted.

SO ORDERED.